IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JEROME SAUNDERS,**

    **Movant,**

v.                                                  Case No. 2:04-cv-01117
                                                                          Case No. 2:02-cr-00284-02

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's "Motion to Compel the Government to File a Rule 35 Motion pursuant to Rule 35(b)(2)(B) and (3) of the Federal Rules of Criminal Procedure" (docket sheet document # 83). The presiding District Judge referred the motion to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition.

## PROCEDURAL HISTORY

On February 24, 2003, Movant pled guilty to one count of aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  (# 33).  On May 27, 2003, Movant was sentenced to a term of imprisonment of 41 months, a term of supervised release of three years, and a special assessment of $100.   (# 46).    Movant's direct appeal was unsuccessful.  (United States v. Saunders, No. 03-4475 (4th Cir. 2003), ## 67, 69).

Movant now seeks a reduction in his sentence for providing substantial assistance to the United States. Movant states that his motion is "based upon a verbal promise by [Assistant United States Attorney] Gregory McVey, who stated that 'I was eligible for a reduction, and that he would put the motion in when my testimony was complete." (# 83 at 1). Movant claims that he sent Mr. McVey a letter in July or August of 2004, and that he received no response. (Id.)

Movant further asserts that he "kept his promise and cooperated, placing himself and his family in danger of reprisal, and now the Government needs to keep their promise." (Id.) Movant requests that an evidentiary hearing be conducted to allow him an opportunity to prove that the Government has acted in bad faith. (Id.)

On December 15, 2004, pursuant to the undersigned's Order, the United States filed a Response to Movant's Motion to Compel. (# 88). The Response includes an Affidavit from Assistant United States Attorney Gregory McVey, which states that, although Movant was informed that the possibility of receiving a motion for substantial assistance existed, no promises were made to Movant that such a motion would be filed. It was further explained that the ultimate decision of whether such a motion would be filed would be made by the United States Attorney, not any of his assistants. (Id., Aff. of R. Gregory McVey, ¶ 7).

2

Mr. McVey's affidavit further indicates that Movant provided information concerning his involvement in drug activities in the Charleston area, identified the source of his supply, Catherine Pointer, and subsequently testified in Pointer's criminal proceedings. (Id., ¶¶ 3-6, 7-9). However, because Pointer's sentencing had not yet taken place when the one-year period in which a motion for substantial assistance could have been filed under Rule 35(b)(1), the United States decided to wait until the conclusion of Pointer's proceedings, before considering whether to file a motion under Rule 35(b)(2). (Id., ¶ 10). Movant did not file a Reply to the United States' Response.

On February 7, 2005, the United States filed a Supplemental Response to Movant's Motion to Compel. (# 89). The Supplemental Response included a Supplemental Affidavit from Mr. McVey, which indicated that Movant's testimony was not required at Catherine Pointer's sentencing, and that the United States would not be seeking a motion for substantial assistance on Movant's behalf. (Id., Supp. Aff. of R. Gregory McVey).

### ANALYSIS

Rule 35(b) of the Federal Rules of Criminal Procedure provides as follows:

> **(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
>
> > (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and

3

> (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.
>
> **(2) Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> > (A) information not known to the defendant until one year or more after sentencing;
> >
> > (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
> >
> > (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.
>
> **(3) Evaluating Substantial Assistance.** In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

Fed. R. Crim. P. 35(b).

Rule 35 grants the United States "the power, not the duty" to file motions for sentence reduction. See United States v. Leonard, 50 F.3d 1152, 1157 (2d Cir. 1995). The Fourth Circuit has held that, in the absence of a motion from the government, a court may grant a sentence reduction

> only if (i) the government has obligated itself in a plea agreement to move for a departure, or (ii) the government's refusal to move for a departure was based on an unconstitutional motive. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994)(citing Wade v. United States, 504 U.S. 181, 185-86, 112 S. Ct. 1840, 118

>L. Ed.2d 524 (1992)). If neither of these factors is present, a court may not grant a reduction even if the defendant has, in fact, provided substantial assistance. See id.; Wade, 504 U.S. at 186, 112 S. Ct. 1840.

United States v. Saunders, 226 F. Supp.2d 796, 799 (E.D. Va. 2002).

The criminal defendant bears the burden of proving by a preponderance of the evidence that the government has breached a plea agreement. Id. Moreover, "a defendant seeking relief under either factor [discussed above] is not entitled to an evidentiary hearing on the basis of mere allegations; he must go beyond mere allegations and make a 'substantial threshold showing' that the government was obligated or that an unconstitutional motive was involved before an evidentiary hearing and consideration on the merits are warranted. [citations omitted]." Id.

In the instant matter, Movant has not shown by a preponderance of the evidence that the United States has breached any provision of his plea agreement. The plea agreement requires Movant to give "signed, sworn statements and grand jury and trial testimony upon request of the United States" and contains no reference to a Rule 35 motion. Furthermore, Movant has not offered any evidence to demonstrate that the United States obligated itself to make a Rule 35 motion on Movant's behalf, or that the decision not to make such a motion was based upon some unconstitutional motive. In fact, Movant has provided nothing but mere allegations in the face of the sworn statements of Mr. McVey.

5

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Movant has not made a substantial threshold showing that the United States obligated itself to make a Rule 35 motion for reduction of sentence on behalf of Movant, or that the United States' decision not to make such a motion was based upon some unconstitutional motive. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that Movant is not entitled to an evidentiary hearing on this issue, and that Movant's Motion to Compel lacks merit. Thus, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Movant's Motion to Compel (# 83).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, and the holding in Mullins v. Hinkle, 953 F. Supp. 744 (S.D. W.Va. 1997), Goodwin, J., the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good

cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Chief Judge Faber, Movant and counsel of record.

    March 30, 2005               *Mary E. Stanley*
         Date                       Mary E. Stanley
                                        United States Magistrate Judge